**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Betty Gaana Faasamala,<br>Plaintiff,<br>v.<br>Delta Air Lines, Inc.,<br>Defendant. | Case No. 2:26-cv-01408-CDS-DJA<br><br>**Order and Report and Recommendation** |

On May 11, 2026, the undersigned magistrate judge denied Plaintiff's application to proceed *in forma pauperis* and gave Plaintiff until June 10, 2026, to either file a renewed application or pay the filing fee. (ECF No. 4). In doing so, the undersigned warned Plaintiff that "[f]ailure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed." (*Id.*). Plaintiff missed the June 10, 2026, deadline. So, on October 2, 2026, the undersigned ordered Plaintiff to show cause why her case should not be dismissed without prejudice for her failure to comply with the undersigned's order and for her failure to prosecute this case. (ECF No. 5). The undersigned gave Plaintiff until November 2, 2026, to respond and again warned her that "[f]ailure to timely comply with this order may result in the recommended dismissal of this case." Plaintiff missed that deadline and has filed nothing further in this case. The undersigned therefore recommends dismissal of this case without prejudice. A dismissal without prejudice allows Plaintiff to refile a case with the Court, under a new case number.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with two Court orders, the undersigned recommends dismissal of Plaintiff's case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR[1] IA 11-8(e) (providing that the Court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on a party who fails to comply with any order); *see Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("an opportunity to be heard does not require an oral or evidentiary hearing on the issue…[t]he opportunity to brief the issue fully satisfies due process requirements"). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to properly initiate this lawsuit impedes this goal. The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to initiate this action or comply with Court orders. The third factor weighs in favor of dismissal because the longer this case is carried on, the more difficult it will be for Defendants to defend against it because witnesses' memories will fade and evidence may be lost. The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors. Fifth, lesser sanctions are not available if Plaintiff will not comply with Court orders. So, the Court recommends dismissing this case without prejudice.

---

[1] This refers to the Local Rules of Practice for the United States District Court, District of Nevada, which can be found on the Court's website at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

**ORDER**

**IT IS ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this report and recommendation.

**RECOMMENDATION**

**IT IS RECOMMENDED** that this case be **dismissed without prejudice.**

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: November 16, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE